# SUPREME COURT OF LOUISIANA,

##### IN THE

### WESTERN DISTRICT, AT OPELOUSAS,
### COMMENCING, SEPTEMBER, 1844.

PRESENT:

Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

JAMES H. FIELD and others *v.* ALEXANDER EWELL.

To entitle a third person to appeal from a judgment between others, he must show that he is aggrieved by it.

APPEAL from the District Court of St. Mary, *Wilson,* J.

*Splane,* for the plaintiffs.

*E. P. Dwight,* appellant, *pro se.* *W. C. Dwight,* on the same side.

BULLARD, J. The plaintiffs brought their suit against Ewell by attachment, and among other property attached was a judgment in favor of the defendant Ewell against Nichols, and " such balance of the funds, claims and property of Benjamin Nichols, as may remain in the hands of Thomas Maskell, Esq., after the said Maskell shall have rendered an account of said funds, claims, &c." Judgment was rendered in favor of the plaintiffs, and it was ordered that the rights, property and credits be sold,

&c., " reserving, however, the right to Thomas Maskell, Esq., to retain in his hands, out of the proceeds of the sale of the claims placed in his hands by Benjamin Nichols, a sufficient sum to pay $8,400, for which purpose said claims were so placed in his hands, &c."

E. P. Dwight, although not a party, has appealed from this judgment, alleging that he is aggrieved by the latter clause of it, which authorises Maskell to retain a part of the proceeds of Nichols' effects, by preference.

The record does not show the interest of the appellant, nor in what way he may have been aggrieved by the judgment; but he informs us in his brief that after the judgment was rendered, there was a sale of the property attached, and that Tarkington purchased the judgment of *Ewell* v. *Nichols*, and transferred it to the appellant. Thus it appears that the appellant had no right, at the time the judgment was rendered, which could be affected by it; nor is it easy to perceive how he can be injured by it, as neither his assignor nor Nichols was a party. To entitle a third party to appeal from a judgment between others, he must show that he is aggrieved by it. 7. Mart. N. S. 575. Whatever right Ewell had acquired in the property of Nichols, by the levy of his execution before the attachment was levied, could not be impaired by the judgment against Ewell on the attachment directing the judgment to be sold to satisfy the plaintiff's demand; and the purchaser acquired all the rights of Ewell unaffected by the judgment.

*Appeal dismissed.*